Jason D. Haymore (UT 13236)
Dawn W. Emery (UT 10443)
PEARSON BUTLER, PLLC
1802 W. South Jordan Parkway, STE 200
South Jordan, UT 84095
(t)801-495-4104
(f)801-254-9427
JasonH@pearsonbutler.com
dawn@pearsonbutler.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| JEREMY WATTS-KLEIN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MVW US Services, LLC, a limited liability company,<br><br>    Defendant. | **AMENDED COMPLAINT**<br><br>Case No.:   2:19-cv-00872–JNP-JCB<br><br>Honorable Judge:  Jill N. Parrish<br>Honorable Magistrate Judge: Jared C. Bennett |

Plaintiff Jeremy Watts-Klein ("Plaintiff" or "Mr. Watts-Klein"), by and through counsel hereby submits this Complaint and Jury Demand and complains against Defendant MVW US Services, LLC, ("Defendant") as follows:

**INTRODUCTION**

1.  This is a proceeding to redress disability discrimination and retaliation in violation of the Americans with Disabilities Act 42 U.S.C. §12101, et seq., as amended (the "ADA").

2.	this proceeding is also to redress violation of the Family and Medical Leave Act 29 U.S.C. §2601, et seq.

## PARTIES

3.	Mr. Watt-Klein is an individual who at all times relevant herein, was and is a resident of Salt Lake County, Utah.

4.	Defendant is a Utah limited liability company duly licensed to operate in the State of Utah and conducts business from its operations in Salt Lake County, Utah.

5.	Defendant employs more than five hundred (500) employees and is an employer within the meaning of Title VII.

## JURISDICTION AND VENUE

6.	Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1221, in that this action arises under federal law, specifically, the ADA.

7.	The unlawful employment discrimination giving rise to Plaintiff's claims were committed within the jurisdiction of this court.  Therefore, venue is proper under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391.

8.	Mr. Watts-Klein has fulfilled all conditions precedent under the ADA prior to instituting this lawsuit and has fulfilled all obligations to exhaust his administrative remedies.

9.	Mr. Watts-Klein filed a timely charge of disability discrimination wit the United States Equal Employment Opportunity Commission ("EEOC") and the Utah Labor Commission.

10. The EEOC issued Mr. Watts-Klein a Notice of Right to Sue on August 8, 2019.

## FACTS

11. Plaintiff began working for MVW US Services, LLC on April 23, 2012.

12. Plaintiff received a promotion from Senior Liaison to Destinations Team Lead.

13. Plaintiff received an award as a "key performance contributor" every year, from 2013-2018.

14. Plaintiff was given a 3% wage increase on his review dated October 25, 2018, where he received another key performance contributor, which occurred after his termination.

15. On September 26, 2018, Plaintiff experienced his first panic attack.

16. The symptoms of the panic attack felt like a hear attack, and he sought immediate medical attention.

17. Plaintiff reported his medical condition to his manager, May Umney.

18. As a result of his report, he was directed by Ms. Umney and Human Resource Director, Erin Searles to take medical leave under the FMLA.

19. Plaintiff took FMLA leave from September 26, 2018 through October 16, 2018.

20. Plaintiff's doctor provided a medical release to work with no medical restrictions on October 17, 2018.

21. On October 19, 2018, just two days after Plaintiff returned to work, Plaintiff was suspended from employment with recommendation for termination because he had not turned in work that was due while he was on FMLA leave.

## FIRST CAUSE OF ACTION
(FMLA – Interference)

22. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

23. Defendant employs more than 15 employees and is therefore an "employer" as that term is defined in 42 U.S.C. §12111(5)(A).

24. Plaintiff is a disabled person as defined by the ADA.

25. Defendant also regarded Plaintiff as having an impairment that is neither transitory or minor.

26. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

27. There were not allegations of poor work performance prior to his medical leave. Complaints about Plaintiff's work started only after he began experiencing panic attacks.

28. For reasons including but not limited to those described in this Complaint, Defendant has discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12111, et seq. and its implementing regulations.

29. Plaintiff was treated differently in the workplace than other co-employees without disabilities who were similarly situated and any reasons for such differing treatment or for allowing such differing treatment to occur are pretextual. The real reason for such differing treatment had to do, in part or in whole, with Plaintiff's disability.

30. As a disabled person under the ADA, Plaintiff was entitled to a reasonable accommodation. Such an accommodation would certainly include additional time to complete tasks during periods of time when he was incapacitated due to his underlying condition.

31. Defendant was aware, or should have been aware, of the actions and inactions described above, because such were obvious and pervasive and because, at various times throughout his employment, Plaintiff complained of them to Defendant on multiple occasions. Despite such awareness, Defendant failed to investigate Plaintiff's complaints and failed to respond in a way reasonably calculated to stop the discrimination.

32. Defendant terminated Plaintiff's employment because of his status as a disabled person under the ADA, in violation of the ADA.

33. Plaintiff has been damaged and continues to be damaged by the Defendant's discriminatory treatment and termination of Plaintiff.

34. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. §12117.

**SECOND CAUSE OF ACTION**
(FMLA – Retaliation)

35. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

36. Plaintiff was entitled to take medical leave under the FMLA and entitled to be reinstated to an equivalent job with equivalent pay after return from his leave.

37. Defendant retaliated against Plaintiff because of the use of FMLA leave by firing him only two days after his return.

38. Defendant's actions were taken in response to Plaintiff's attempt to exercise his rights under the FMLA.

39. As the direct and proximate result of Defendant's willful conduct, Plaintiff has suffered damages and is entitled to recovery of all damages or other relief allowed by the FMLA, including but not limited to reinstatement, lost wages (past and future), lost benefits (past and future), liquidated damages, attorney's fees and costs.

## THIRD CAUSE OF ACTION
(FMLA-Interference)

40. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

41. Defendant's actions in firing Plaintiff for not performing work while he was taking medical leave under the FMLA, interfered with his FMLA rights in violation of 29 U.S.C. §2615(a)(1).

## *PRAYER FOR RELIEF*

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. For back wages and an award of anticipated front pay;

2. For costs advanced related to damages in an amount to be determined at trial;

3. For damages under the Americans with Disabilities Act related to emotional distress and other general damages in an amount to be determined at trial;

4. For Plaintiff's attorney's fees pursuant to 42 U.S.C. §12205;

5. For punitive damages in an amount to be determined at trial; and

6. For interest on the forgoing, costs of court, and such other relief as the court deems just and equitable.

## JURY TRIAL REQUESTED

DATED this 19th day of October, 2020.

                                        PEARSON BUTLER, PLLC

                                        */s/Jason D. Haymore*
                                        _____
                                        JASON D. HAYMORE
                                        Attorney for Plaintiff