FILED
2021 AUG 31 PM 2:21
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JEREMY WATTS-KLIEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOT VACATION CLUB, a corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-cv-00872-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendant Marriot Vacation Club's ("MVC"): (I) motion to exclude expert testimony;[2] and (II) motion to extend time for submitting expert disclosures.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court denies both of MVC's motions.

---

[1] ECF Nos. 5, 12.

[2] ECF No. 45.

[3] ECF No. 47.

## BACKGROUND

The court entered the original scheduling order in this case on September 24, 2020.[4] That order set one deadline for "Disclosures (subject and identity of experts)" and another deadline for expert "Reports."[5] On April 20, 2021, the court entered an amended scheduling order, which continued the dual expert deadline regime by providing, *inter alia*, that: (1) the disclosures of experts by the party bearing the burden of proof were due June 3, 2021; (2) expert counter-disclosures were due June 24, 2021; (3) expert reports from the party bearing the burden of proof were due August 12, 2021; and (4) expert counter-reports were due August 26, 2021.[6]

Plaintiff Jeremy Watts-Klien ("Mr. Watts-Klien") complied with the June 3 deadline for disclosing the identify and subject of his expert to MVC. Even though the clear language of the amended scheduling order required <u>only</u> the disclosure of the identify and subject of Mr. Watts-Klien's expert by June 3, MVC moved to exclude Mr. Watts-Klien's expert report under Fed. R. Civ. P. 37(c)(1) claiming that it was not timely disclosed.[7] Under Rule 37(c)(1)(A), MVC also requested an award of reasonable expenses, including attorney fees, incurred in connection with its motion to exclude.

Prior to the due date for Mr. Watts-Klien's response to MVC's motion to exclude, and on the deadline for MVC's expert counter-disclosures, MVC moved to extend the deadline for

---

[4] ECF No. 23.

[5] *Id*. at 2-3.

[6] ECF No. 42.

[7] ECF No. 45.

submitting its counter-disclosures.[8] MVC contended that Mr. Watts-Klien's failure to produce his expert report on June 3 prejudiced MVC's ability to consult with an expert and prepare counter-disclosures. MVC requested that the court extend the deadline for its counter-disclosures to a date 30 days from the court's ruling on its motion to exclude.

On the same date that MVC filed its motion to extend time, Mr. Watts-Klien filed his opposition to MVC's motion to exclude,[9] which demonstrated that he complied with the court's amended scheduling order by timely disclosing the identity and subject of his expert and that his expert report was not due until August 12. Mr. Watts-Klien also requested an award of attorney fees incurred in connection with MVC's motion to exclude but failed to cite any authority for such an award.

The following day, Mr. Watts-Klien filed his opposition to MVC's motion to extend time.[10] Mr. Watts-Klien contended that MVC cannot demonstrate good cause for its failure to comply with the June 24 deadline for its counter-disclosures. Relying upon Rule 37(b)(2), Mr. Watts-Klien also requested an award of reasonable expenses, including attorney fees, incurred in connection with MVC's motion to extend time.

In its reply in support of its motion to exclude, MVC "acknowledges that it misread the deadlines in the [amended] scheduling order as they relate to expert disclosure."[11] However,

---

[8] ECF No. 47.

[9] ECF No. 48.

[10] ECF No. 49.

[11] ECF No. 54 at 8.

MVC still maintains that Mr. Watts-Klien's expert report should be excluded but advances a new argument: Mr. Watts-Klien failed to provide to MVC any computation of damages under Fed. R. Civ. P. 26(a)(1)(A)(iii) and now seeks to introduce such computations for the first time in his expert report.

In its reply in support of its motion to extend time, MVC again relies upon Mr. Watts-Klien's alleged failure to adequately disclose his computation of damages under Rule 26(a)(1)(A)(iii).[12]  MVC contends that said failure "prejudiced [MVC] in its ability to seek out a proper expert rebuttal witness to potentially testify."[13]

Mr. Watts-Klien filed timely objections under DUCivR 7-1(b)(1)(B) to MVC's reply in support of its motion to exclude[14] and MVC's reply in support of its motion for extension of time.[15]  Mr. Watts-Klien contends that MVC's replies violate DUCivR 7-1(b)(2)(C), which provides that "[r]eply memoranda must be limited to rebuttal of matters raised in the opposition memoranda."  Mr. Watts-Klien contends that MVC's new argument under Rule 26(a)(1)(A)(iii) should be excluded or, in the alternative, that he should be provided with an opportunity to respond to that argument.

---

[12] ECF No. 53.

[13] Id. at 6.

[14] ECF No. 55.

[15] ECF No. 56.

MVC filed timely responses to Mr. Watts-Klien's objections to its motion to exclude[16] and its motion for an extension of time.[17] MVC concedes that it introduced a new argument in its replies but contends that the court should consider the argument because "refusing to do so would result in a waste of time and resources for the parties and the [c]ourt."[18] MVC proposes that the court permit Mr. Watts-Klien to file sur-replies to address MVC's new argument and allow MVC to file final briefs "to have the last word as the moving party."[19]

## ANALYSIS

The court addresses: (I) MVC's motion to exclude expert testimony; and (II) MVC's motion to extend time for submitting its expert disclosures. Based upon the following analysis, the court denies both of MVC's motions.

**I.      MVC's Motion to Exclude Expert Testimony**

As demonstrated below, the court: (1) denies MVC's motion to exclude expert testimony because it is baseless; (2) declines to reach the new argument presented in MVC's reply because is not properly before the court; and (3) denies both MVC's request for an award of reasonable expenses and Mr. Watts-Klien's request for an award of attorney fees. The court addresses each issue in turn.

---

[16] ECF No. 58.

[17] ECF No. 59.

[18] ECF No. 58 at 2; ECF No. 59 at 2.

[19] ECF No. 58 at 2; ECF No. 59 at 2.

First, MVC's motion has no merit. Indeed, MVC concedes that its argument in the motion was based upon an error in reading the amended scheduling order. Therefore, the court denies the motion.

Second, the court declines to reach MVC's new argument in its reply because it is not properly before the court. MVC's reply argument was entirely new and was not made to rebut any arguments raised in Mr. Watts-Klien's opposition. DUCivR 7-1(b)(2)(C) provides that "[r]eply memoranda must be limited to rebuttal of matters raised in the opposition memoranda." Furthermore, presenting new arguments in a reply that are tantamount to a new motion violates DUCivR 7-1(b)(1)(A), which provides that "[n]o motion, including but not limited to cross-motions and motions pursuant to Fed. R. Civ. P. 56(d), may be included in a response or reply memorandum. Such motions must be made in a separate document." Because MVC's new argument presents an entirely different basis for the relief it seeks, that argument should have been presented by way of a separate motion. But because its new argument was not properly presented, it cannot form the basis for the exclusion of Mr. Watts-Klien's expert here. Moreover, ignoring these rules does not further judicial economy as MVC suggests. To the contrary, requiring the parties the follow the rules fairly provides the opposing party and the court with the requisite notice and briefing necessary to make an informed argument and decision. For those reasons, the court declines to consider MVC's new argument.[20]

---

[20] Even if MVC's new argument under Rule 37(c)(1) were properly before the court, the court would still decline to reach it. That argument is not ripe for consideration because Mr. Watts-Klien is not currently proffering any Rule 26(a) information in a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence *on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or

Finally, the court declines MVC's request for an award of reasonable expenses and Mr. Watts-Klien's request for an award of attorney fees. First, MVC's request is based upon Rule 37(c)(1)(A), which provides that the court may award reasonable expenses—including attorney fees—caused by any violation of Rule 37(c)(1). Given that the court has denied MVC's motion under Rule 37(c)(1), it logically follows that the court must deny MVC's request for an award of reasonable expenses.

Mr. Watts-Klien's request for attorney fees fares no better than MVC's. In his request for attorney fees, Mr. Watts-Klien fails to point to any authority that would authorize such an award. Stating the authority for an award of fees is necessary because absent a contract, statute, or rule shifting fees, the American Rule requires parties to bear their own fees and costs during litigation.[21] Therefore, both fee requests are denied.

## II. MVC's Motion to Extend Time for Submitting Expert Disclosures

As shown below, the court: (1) denies MVC's motion to extend time because MVC fails to establish good cause for amending the scheduling order; (2) declines to reach MVC's new argument in its reply because it is not properly before the court; and (3) denies Mr. Watts-Klien's request for an award of reasonable expenses. The court discusses each issue in turn.

---

is harmless." (emphasis added)). Until the undisclosed material is being proffered or is imminently likely to be proffered for use in some substantive fashion (i.e., motion, hearing, or trial), determining whether to exclude it is not ripe.

[21] *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019) ("This Court's basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." (quotations and citations omitted)).

First, MVC fails to establish good cause for amending the scheduling order to extend the time for it to submit its expert disclosures, which requires denial of its motion to extend time. Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "Demonstrating good cause under [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[22]

As it did with its motion to exclude, MVC admits that the argument supporting its motion to extend time was based upon an erroneous reading of the amended scheduling order. For that reason alone, MVC fails to provide an adequate explanation for its failure to timely submit its expert disclosures. Importantly, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[23] Without any adequate explanation, MVC cannot demonstrate good cause under Rule 16(b)(4). Therefore, the court denies MVC's motion to extend time.

Second, the court declines to consider MVC's new argument in its reply because it is not properly before the court. MVC's post-hoc attempt to salvage its motion in its reply contravenes DUCivR 7-1(b)(2)(C), which prohibits raising entirely new arguments in a reply. It also violates

---

[22] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted); *see also Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (stating that good cause under Rule 16(b)(4) "obligates the moving party to provide an adequate explanation for any delay" (quotations and citations omitted)); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (providing that the good cause standard of Rule 16(b)(4) "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts" (alteration in original) (quotations and citation omitted)).

[23] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (quotations and citation omitted).

DUCivR 7-1(b)(1)(A) because MVC's new argument, which seeks relief on a different basis than its motion, should have been made in a separate motion. For those reasons, the court will not reach MVC's new argument.

Finally, the court considers Mr. Watts-Klien's request for an award of reasonable expenses, which is based upon Rule 37(b)(2). For the following reasons, the court denies his request. In relevant part, Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue" certain enumerated "further just orders." Rule 37(b)(2)(C), which governs payment of expenses, provides that "[i]nstead of or in addition to" the orders listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Based upon these provisions of Rule 37(b)(2), Mr. Watts-Klien contends that he is entitled to an award of reasonable expenses based upon MVC's failure to obey the requirement of the amended scheduling order to submit its expert disclosures on June 24 and MVC's violation of a "discovery order by filing [its] frivolous and wasteful motion to extend when good cause cannot be shown."[24] Mr. Watts-Klien's reliance upon Rule 37(b)(2) is misplaced. MVC has not failed to obey an order under Rule 26(f), 35, or 37(a). Instead, it failed to abide by a deadline in a scheduling order entered under Rule 16(b). Additionally, the court cannot see how

---

[24] ECF No. 49 at 5.

MVC's filing of its motion to extend time violated any standing "discovery order." For those reasons, the court denies Mr. Watts-Klien's request for an award of reasonable expenses.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. MVC's motion to exclude expert testimony[25] is DENIED.

2. MVC's motion to extend time for submitting expert disclosures[26] is DENIED.

IT IS SO ORDERED.

DATED August 31, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[25] ECF No. 45.

[26] ECF No. 47.